■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 12, 1989, convicting him of murder in the second degree, arson in the first degree, and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying suppression of his statements, since he did not consent to the police officers' entry into his hospital room to question him. We disagree.

The hearing record shows that the defendant had been hospitalized in Maryland following an automobile accident, and two New York detectives, after contacting a detective in Maryland, went down to that State. Since their purpose was to interview the defendant, no search warrant was sought. After obtaining the permission of the defendant's physician, the detectives gave the defendant *Miranda* warnings and spoke with him, at which point, the defendant made two separate statements. No Fourth Amendment violation occurs when a doctor permits police officers to enter a sentient patient's room, and the patient does not object but goes on to make a statement to those officers *(see, People v Brown,* 88 Cal App 3d 283, 289-292, 151 Cal Rptr 749; *see also, People v Manieri,* 83 Misc 2d 798, 800).

The defendant's remaining contentions, including those

raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.